# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| RACHEL MILLER, | ) |
| Plaintiff | ) JURY DEMAND |
| vs. | ) NO. _____ |
| TJC MORTGAGE INC., d/b/a HOMERATE MORTGAGE, | ) |
| Defendant | ) |

## COMPLAINT

Comes Plaintiff, Rachel Miller ("Plaintiff"), on behalf of herself and all others similarly situated, and files this Collective Action Complaint against TJC Mortgage Inc. (hereinafter referred to as "TJC" or "Defendant") and files this Complaint against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*; Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*; and Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff, *et seq.*, asserting as follows:

## I. JURISDICTION

1. This Court has subject matter jurisdiction over Plaintiff's FLSA, ADA, and GINA claims pursuant to 29 U.S.C. §216(b) (and §15(a)(3)), 42 U.S.C. §12101, *et seq.*, 42 U.S.C. § 2000ff, *et seq.*, and 28 U.S.C. §1331 and §1332.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391.

3. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

1

## II. NATURE OF PROCEEDING

4. Plaintiff alleges on behalf of herself and other similarly situated current and former employees of TJC who elect to opt into this action pursuant to §216(b) of the FLSA that they: (i) have been misclassified as exempt employees or have otherwise been paid improperly; (ii) are entitled to unpaid wages for work performed for which they did not receive any compensation, as well as overtime work for which they did not receive overtime premium pay as required by law; and (iii) are entitled to liquidated damages pursuant to the FLSA.

5. Concerning the adverse actions taken against her, Plaintiff Miller also alleges discharge violations of the Americans with Disability Act ("ADA"), 29 U.S.C. § 201, *et seq.*, and the Genetic Information Nondiscrimination Act (GINA), 42 U.S.C. § 2000ff, *et seq.*, as well as any other relevant law that may apply.

## III. PARTIES

6. Plaintiff Miller is an adult individual, residing in Chattanooga, Tennessee.

7. TJC is an Alabama corporation doing business in Tennessee. Its agent for service of process in Tennessee is Wade Adams, 149 Kathy Circle, Collierville, Tennessee 38017-7603.

## IV. FACTUAL BASES OF PLAINTIFF'S CLAIMS

8. Defendant is an employer engaged in or affecting interstate commerce. Defendant is subject to the minimum wage and overtime provisions of the Fair Labor Standards Act, as amended, 29 USC §§ 201, *et seq.*

9. At all times relevant, Defendant exerted control over the structure of the employment relationship involving the Plaintiff and Defendant.

10. When an individual seeks financing to purchase a home, Defendant researches the individual's credit score and financial history and determines his or her eligibility for a mortgage.

11. Defendant employs persons such as Plaintiff to process prospective clients' credit and financial history and to engage in other duties to collect data and process applications.

12. Defendant employed Plaintiff from July 20, 2015 until July 19, 2016. Plaintiff held four different positions during her employment with Defendant.

13. Plaintiff first held the position of Application Taker, followed by Set Up, then Loan Officer Assistant, and then Loan Officer.

14. Defendant cannot meets its burden and show that any of these positions met the provisions of a white collar position under the Fair Labor Standards Act.

15. As an employee of Defendant, Plaintiff was required to work long hours at its office. Thus, in the performance of her job duties, Plaintiff routinely worked more than 40 hours per week.

16. Indeed, in the mortgage industry, employees frequently work evenings and weekends in order to accommodate client schedules.

17. Throughout her employment, Defendant paid Plaintiff a flat salary. She never received overtime compensation for any overtime hours worked, regardless of the job she performed.

18. Defendant has misclassified its Application Takers, Set Up Employees, Loan Officer Assistants, and Loan Officers, including Plaintiff, as exempt employees under the FLSA during all times relevant to these claims.

19. Based on this willful and deliberate misclassification, Defendant has justified requiring Plaintiff to work hours in excess of 40 hours per week, without any compensation (straight time or overtime) for those hours worked in excess of 40 per week.

20. Throughout Plaintiff's employment, including the time period relevant to this Complaint, Defendant has failed to maintain accurate and sufficient time records required by law.

21. Plaintiff has been diagnosed with and receives treatment for twisted intestines.

22. Plaintiff has a medical impairment that qualifies as a disability under the Americans with Disabilities Act.

23. Plaintiff's impairment substantially limits her major life activities and major bodily functions of, including but not limited to, eating, working, concentrating, digestive bodily functions, and bowel bodily functions.

24. At all relevant times, Defendant was aware of Plaintiff's medical impairment and its effects on her major life activities. Further, on July 8, 2016, Plaintiff disclosed to Defendant that she was experiencing ongoing, health issues. While her condition was at times less problematic than others, it became more problematic towards the end of her employment, and Plaintiff communicated that to Defendant.

25. On July 15, 2016, Plaintiff again disclosed to Defendant her ongoing medical issues and that she would be seeing doctors to determine if there was a biochemical imbalance or other cause of her possibly new health issues. Plaintiff requested that Defendant keep this information confidential.

26. Further, Plaintiff notified Defendant of her doctors' appointments throughout her employment. Defendant was also aware of Plaintiff's health issues, as she brought her own lunch to work because of dietary restrictions.

27. One element of Plaintiff's medical tests involved pharmacogenetics testing – a form of genetics testing.

28. Shortly after Plaintiff's disclosure of her ongoing health issues and new testing to Defendant, Defendant terminated her employment on July 19, 2016.

29. While Defendant had at times given Plaintiff constructive criticism regarding her job performance, in the two months prior to her termination, Plaintiff was told that she was doing well, and the owners, in the weeks prior to her termination, had bragged to another employee about Plaintiff's positive job performance.

30. When she was terminated, Plaintiff was told that it was due to the company's need to make financial cutbacks. However, that was untrue and was a pretext for discrimination. Defendant hired new employees prior to and after Plaintiff's termination.

## V. PLAINTIFF'S CLAIMS

### Count I: Fair Labor Standards Act

31. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

32. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

33. At all relevant times, Defendant had a policy and practice of misclassifying all salaried employees whose duties do not meet an exemption under the FLSA.

34. At all relevant times, Defendant had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to Plaintiff for hours worked in excess of 40 hours per workweek.

35. As a result of Defendant's willful failure to compensate Plaintiff for all the hours she worked, as well as at a rate not less than one and one-half times the regular rate of pay for

work performed in excess of forty hours in a workweek, it has violated and continues to violate the FLSA, including §§207(a)(1) and 215(a).

36. As a result of Defendant's misclassification of Plaintiff and its attendant failure to record, report, credit and/or compensate Plaintiff, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including §§211(c) and 215(a).

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. §255(a).

38. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from the Defendant her unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to §216(b) of the FLSA.

39. Plaintiff is also permitted, due to its lack of good faith, to include in this action violations occurring up to three years prior to the filing of this Complaint.

## Count II: Americans with Disabilities Act

40. Plaintiff was terminated from her position because of her disability, in violation of 42 U.S.C. § 12101, *et seq.*

41. In the alternative, Plaintiff was terminated from her position because she had a record of a disability or was perceived as having a disability, in violation of 42 U.S.C. §12101, *et seq.*

42. As a result of this termination, Plaintiff has lost (and continues to lose) salary, benefits, and seniority. She has also suffered considerable humiliation, embarrassment and emotional harm.

### Count III: Genetic Information Nondiscrimination Act

43. Defendant violated the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff, *et seq.*, by discriminating against Plaintiff Miller because of her genetic information. Information about an "individual's genetic tests" is one of the statute's defined types of "genetic information." 42 U.S.C. § 2000ff(4)(A). GINA further defines a "genetic test" as "an analysis of human DNA, RNA, chromosomes, proteins, or metabolites that detects genotypes, mutations, or chromosomal changes." 42 U.S.C. § 2000ff(7)(A).

44. Plaintiff disclosed to Defendant that she was undergoing medical tests to determine whether a biochemical imbalance existed, which involved pharmacogenetics testing – a form of genetics testing.

45. Defendant used Plaintiff's genetic information to discriminate against her in violation of 42 U.S.C. § 2000ff, *et seq.*

46. Upon learning of Plaintiff's genetic information, Defendant terminated her employment in violation of 42 U.S.C. § 2000ff, *et seq.*

47. As a result of this termination, which occurred one day before the first anniversary of her employment, Plaintiff has lost (and continues to lose) salary, benefits, seniority, and the career to which she had devoted a substantial portion of her working life. She has also suffered considerable humiliation, embarrassment and emotional harm.

## VI. JURISDICTIONAL PREREQUISITE

48. Plaintiff has filed claims with the Equal Employment Opportunity Commission alleging disability and genetic information discrimination. Plaintiff has received her Right to Sue and this Complaint is timely filed.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff accordingly prays for the following relief:

a. That the Court issue an injunction requiring Defendant to reemploy Plaintiff at her former position or at an equivalent job with all employment rights and benefits to which she would have been entitled but for her discharge and without harassment or illegal conditions imposed on her job, or, in the alternative, front pay and benefits in lieu of reinstatement;

b. That the Court permit Plaintiff to conduct discovery as to similarly-situated employees, move to certify this matter as a Collective Action under 216(b) of the FLSA, and provide notice and an opportunity to participate for all similarly-situated employees within the relevant time period (and that, until they opt in, the claims of such employees be tolled for purposes of the statute of limitations);

c. An appropriate Order awarding her all wages and compensation due to her, together with an equal amount as liquidated damages, back pay and an equal amount of liquidated damages, damages for humiliation and embarrassment, damages for emotional distress, and punitive damages;

d. Attorneys' fees and litigation expenses under all applicable statutes;

e. Prejudgment interest;

f. A jury to try the non-FLSA issues in this cause; and

g. All such further relief to which Plaintiff may be found entitled.

BURNETTE, DOBSON & PINCHAK

By: __s/ *Donna J. Mikel*_____
Donna J. Mikel, BPR# 020777
Robert W. Wheeler, BPR #34485
Attorneys for Plaintiff
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324
Email: dmikel@bdplawfirm.com
rwheeler@bdplawfirm.com